IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00662-WYD-BNB

**BRENT A. JONES,**

Plaintiff,

v.

**THE ESTATE OF BOZ LANDON BRADY, by and through its personal representative CALLIE BRADY; JOSEPH C. BRADY, individually and STEPHANIE L. BRADY, individually,**

Defendants.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is

1

confidential and meets the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as: (a) health care treatment records of the Plaintiff; (b) tax returns and other confidential financial information of the parties; (c) employment and personnel records of the parties; and (d) other sensitive and confidential information of the parties.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the parties, including the designated representative, Callie Brady, for the Defendant, the Estate of Boz Brady;

d. insurance company representatives, and their staff, involved in the adjustment or evaluation of any claims associated with this case;

e. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

f. the Court and its employees ("Court Personnel");

g. stenographic reporters who are engaged in proceedings necessarily incident to the

conduct of this action;

h. deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and

i. to other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, insurance company representatives or staff, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order. For all such persons, counsel shall obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the

completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within twenty (20) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings, or motions, or at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL documents may be used, this Stipulated Protective Order does not waive any right of any party to file a motion under D.C.COLO.LCivR. 7.2 to seal all or a portion of

papers and documents filed with the Court. In addition, the parties agree to comply with D.C.COLO.LCivR.~~7.3~~ 7.2 regarding procedures for filing papers and documents under seal for any documents that are marked CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, provided however, that counsel for each party, and any insurance carriers for the defendants, may retain copies of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 23d day of Sept., 2010.

BY THE COURT:

*/s/ Boyd N. Boland*
The Honorable Boyd N. Boland
United States Magistrate Judge

5

APPROVED:

| | |
|---|---|
| _____ | _____ |
| Michael S. Porter, Esq. | Franklin D. Patterson, Esq. |
| 4465 Kipling Street, Suite 200 | Brian D. Kennedy, Esq. |
| Wheat Ridge, CO 80033-2810 | Patterson, Nuss & Seymour, P.C. |
| 303-940-8370 | 5613 DTC Parkway, Suite 400 |
| Attorney for Plaintiffs | Greenwood Village, CO 80111 |
| | (303) 741-4539 |
| | Attorneys for Defendants, Joseph C. Brady |
| | and Stephanie L. Brady |

_____
Mary Barham, Esq.
Nancy Pearl, Esq.
Miletich Pearl, LLC
999 Eighteenth Street, Suite 1850
Denver, CO 80202
303-825-5500
Attorneys for the Estate of Boz
Landon Brady

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Wednesday, September 22, 2010, I electronically filed the foregoing SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Franklin D. Patterson, Esq. (fdpatterson@pns-pc.com)
Brian D. Kennedy, Esq.   (bkennedy@pns.com)
Patterson, Nuss & Seymour, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
Attorney for Defendants, Joseph C.
Brady and Stephanie L. Brady

Mary Barham, Esq. (mbarham@mplawllc.com)
Nancy Pearl, Esq.   (npearl@mplawllc.com)
Miletich Pearl, LLC

999 Eighteenth Street, Suite 1850
Denver, CO 80202
Attorney for Defendant, Estate
Of Boz Landon Brady

                                      s/ Yvonne Greenbaum
                                      Yvonne Greenbaum