**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-00662-WJM-BNB

BRENT A. JONES,

    Plaintiff,

v.

THE ESTATE OF BOZ LANDON BRADY, by and through its personal representative CALLIE BRADY,
JOSEPH C. BRADY, and
STEPHANIE L. BRADY,

    Defendants.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

    This matter is before the Court on Defendants Joseph C. Brady and Stephanie L. Brady's Motion for Summary Judgment. (ECF No. 103.) Plaintiff Brent A. Jones has filed a Response to the Motion (ECF No. 120), and the moving Defendants have filed a Reply (ECF No. 124). The Motion is ripe for adjudication. For the foregoing reasons, Defendants' Motion for Summary Judgment is DENIED.

**I. BACKGROUND**

    On the evening of June 25, 2009, 22-year-old Boz Landon Brady was driving while intoxicated on Colorado Highway 50 between Salida and Coaldale. (ECF No. 103, at 2-3 ¶¶ 1, 3, 5; ECF No. 120, at 3 ¶¶ 1, 3, 5.) Boz Brady lost control of the vehicle he was driving, and collided with an automobile being driven in the opposite direction by Plaintiff. (ECF No. 120, at 6 ¶¶ 1-6; ECF No. 124, at 2 ¶¶ 1-6.) As a result of the accident, Boz Brady was killed, and Plaintiff allegedly suffered severe injuries.

(ECF No. 103, at 3 ¶ 2; ECF No. 120, at 3 ¶ 2; *see also* ECF No. 39, ¶¶ 30-31.) Plaintiff subsequently filed this action against (1) Boz Brady's estate (bringing claims for negligence, negligence *per se*, and joint and several liability); and (2) Boz Brady's parents, Joseph C. Brady and Stephanie L. Brady ("the Parents") (bringing claims for negligent entrustment and joint and several liability, and a claim based on the family car doctrine). (ECF No. 1, 39.)[1] Jurisdiction in this Court, which has not been challenged by Defendants, is based on diversity jurisdiction under 28 U.S.C. § 1332. The Parents now move for summary judgment as to the claims against them,[2] which generally relate to the Parents' alleged furnishing of the vehicle that Boz Brady was driving at the time of the accident.

The following facts are relevant to Plaintiff's claims against the Parents and, unless otherwise noted, are not in dispute. The vehicle being operated by Boz Brady at the time of the accident was a 1997 Subaru Outback ("the Subaru"). (ECF No. 103, at 2 ¶ 1; ECF No. 120, at 3 ¶ 1.) In 2005, Boz Brady and his mother, Stephanie Brady, went to a car dealership and purchased the Subaru. (ECF No. 103, at 3-4 ¶¶ 6, 9; ECF No. 120, at 3-4 ¶¶ 6, 9.) Both Boz and Stephanie Brady were listed as buyers on the bill of sale, and as owners on the title. (ECF No. 103, at 4 ¶ 8; ECF No. 120, at 4 ¶ 8; ECF No. 120 Ex. M.) Stephanie Brady paid for the car with a personal check drawn from the Parents' checking account. (ECF No. 103, at 4 ¶¶ 9-10; ECF No. 120, at 4 ¶¶ 9-10.)

---

[1] Plaintiff's spouse and two children, who were riding in the vehicle with Plaintiff at the time of the accident, were also named as plaintiffs in the original complaint. (ECF No. 1.) Those plaintiffs have been dismissed from the action pursuant to settlements, leaving Plaintiff as the sole plaintiff. (ECF No. 12, 17, 23, 25.)

[2] The Estate of Boz Landon Brady has not moved for summary judgment as to the claims against it.

The Parents allege that Boz Brady promptly paid his Parents back for the purchase of the Subaru, which Plaintiff disputes. (ECF No. 103, at 3 ¶ 6; ECF No. 120, at 3 ¶ 6.)

Boz Brady was the regular driver of the Subaru. The Parents both had their own vehicles that they regularly used, separate and apart from the Subaru. (ECF No. 103, at 5 ¶ 18; ECF No. 120, at 5 ¶ 18.) The Parents testified at deposition that, if they ever wanted to use the Subaru, they asked Boz Brady's permission to do so. (ECF No. 103, at 3-4 ¶ 7; ECF No. 120, at 4 ¶ 7.) The Parents paid for the registration of, insurance for, and repairs on the Subaru. (ECF No. 120, at 13 ¶¶ 58-60; ECF No. 124, at 6 ¶¶ 58-60.)

Approximately two years prior to the accident at issue, Boz Brady was arrested for driving while intoxicated, and he subsequently pled guilty to a DWAI and careless driving. (ECF No. 120, at 7 ¶¶ 11-15; ECF No. 124, at 3 ¶¶ 11-15.) The Parents drove to Loveland, Colorado to drive the Subaru back to their house following Boz Brady's arrest. (ECF No. 120, at 8 ¶ 20; ECF No. 124, at 3 ¶ 20.) Boz Brady's drivers license was suspended from July 7, 2007 to September 3, 2008. (ECF No. 120, at 8 ¶ 17; ECF No. 124, at 3 ¶ 17.)

Boz Brady lived outside of his Parents' home several times during the two years prior to the accident. He lived in Larimer County, Colorado for several months in 2007. (ECF No. 103, at 4-5 ¶ 13; ECF No. 120, at 4 ¶ 13.) In 2007-2008, he rented an apartment in Salida, Colorado and worked in Salida. (*Id.*) During the spring semester of 2009 (through late June 2009), Boz Brady attended Pueblo Community College and lived in a house owned by his uncle in Boone, Colorado. (*Id.*) In late June 2009, he returned to live with his parents, and was living with his Parents for approximately one

month as of the date of the accident. (ECF No. 103, at 5 ¶¶ 15-16; ECF No. 120, at 5 ¶¶ 15-16.) The Parents allege that Boz Brady intended to attend college in Durango, Colorado in the fall of 2009, which Plaintiff disputes. (ECF No. 103, at 5 ¶ 17; ECF No. 120, at 5 ¶ 17.)

Boz Brady used his Parents' home address as his address for his drivers license, voter registration, bank account, and for tax purposes. (ECF No. 120, at 10-11 ¶¶ 34, 36, 38, 42; ECF No. 124, at 4 ¶¶ 34, 36, 38, 42.) The Subaru's registration address was the Parents' home, and the Subaru's insurance policy indicated that the Subaru was garaged at the Parents' home. (ECF No. 120, at 11-12 ¶¶ 41, 50; ECF No. 124, at 4-5 ¶¶ 41, 50.) In 2008 and 2009, the Parents identified on their federal tax forms that Boz Brady was a dependent child who lived with them. (ECF No. 120, at 10 ¶ 37; ECF No. 124, at 4 ¶ 37.) The parties dispute the extent to which Boz Brady was financially independent. Boz Brady had his own trust account, but otherwise there is a lack of clear evidence regarding whether his Parents generally paid his living expenses.

The Parents move for summary judgment as to Plaintiff's claims against them: (1) negligent entrustment; (2) a claim based on the family car doctrine; and (3) joint and several liability.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v.*

*Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden on a motion for summary judgment by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotation marks omitted). If the movant meets this burden, the burden shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (quotation marks omitted).

### III. ANALYSIS

#### A. Negligent Entrustment

The elements of a negligent entrustment claim under Colorado law are: (1) a supplier permits a third party to use a thing or engage in an activity which is under the control of the supplier; and (2) the supplier gives such permission either knowing or having reason to know that the third party intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others. *Casebolt v. Cowan*, 829 P.2d 352, 357 n.4 (Colo. 1992) (listing elements of claim, as stated in *Hasegawa v. Day*,

684 P.2d 936, 939 (Colo. App. 1983); *id.* at 360 n.9 (stating that the issues of "supply" and "control" are appropriately treated as being within a single element of a negligent entrustment claim).

The Parents argue that there is no triable issue as to the first element of Plaintiff's negligent entrustment claim.[3] Specifically, they argue that, because the Subaru was Boz Brady's car, the Parents were not "suppliers" of the Subaru, they did not and could not give "permission" to Boz Brady to use it, and the Subaru was not under their "control." The following are the primary undisputed facts that support their arguments: (1) Boz Brady was 22 years old, a legal adult, (2) Boz Brady was listed as one of the two owners of the Subaru, (3) the Subaru was primarily used by Boz Brady, (4) the Parents each had their own vehicle separate and apart from the Subaru; and (5) the Parents testified at deposition that they always asked Boz Brady's permission if they ever wanted to use the Subaru. Other undisputed facts, however, support Plaintiff's position as to the issues of "supply," "permission," and "control": (1) Stephanie Brady was a co-owner of the Subaru with Boz Brady; (2) the Parents paid for registration of, insurance for, and repairs on the Subaru; and (3) Boz Brady was (at least temporarily) living with his parents at the time of the accident.

The important dispute of fact is whether the Parents purchased the car for Boz Brady (which would make it a viable case for negligent entrustment), or whether the

---

[3] The Parents also purport to challenge the second element of Plaintiff's negligent entrustment claim, arguing that they did not and could not give "permission" to Boz Brady to use his own car. The issue of "permission" is sufficiently enveloped within the first element of a negligent entrustment claim. The Parents do not move for summary judgment as to the substance of the second element, namely, whether they knew or should have known that Boz Brady posed an unreasonable risk of harm to others.

Parents simply fronted the money for the Subaru, with Boz Brady promptly paying them back (which would mean a negligent entrustment claim could not lie against the Parents). *See Peterson v. Halsted*, 829 P.2d 373, 378 (Colo. 1992) (en banc) (holding that the loaning of money or credit cannot give rise to a negligent entrustment claim, but declining to extend holding to the giving of a gift of money to enable another to buy a chattel, or the giving of a gift of the chattel itself).[4]

The undisputed fact that Stephanie Brady purchased the vehicle with a check drawn from the Parents' checking account, standing alone, constitutes evidence that the Subaru was a gift from the Parents. The question is whether the Parents have provided sufficiently strong evidence of repayment by Boz Brady that swings the balance of the evidence in the other direction, so as to warrant judgment as a matter of law in favor of the Parents on this issue. The Court holds that the Parents' deposition testimony, along with some evidence of withdrawals from Boz Brady's trust account, does not sufficiently swing the evidence in the Parents' favor so as to warrant judgment as a matter of law in their favor on this issue.

Given this, and considering (1) the undisputed facts supporting each party's position on the issues of "supply," "permission," and "control," and (2) that the evidence at this stage of the proceedings is to be viewed in a light most favorable to Plaintiff, the Court holds that summary judgment is not appropriate on Plaintiff's negligent entrustment claim. *See Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980-

---

[4] In *Peterson*, a parent simply co-signed for his 25-year-old daughter to purchase a vehicle, the daughter had not been living at home for seven years, and the evidence made clear that the daughter was financially independent. All of those key facts make *Peterson* distinguishable from this case.

81 (10th Cir. 1993) ("In determining the appropriateness of summary judgment, the relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. . . . [S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'") (quoting *Anderson*, 477 U.S. at 248, 251-52).

**B.     Family Car Doctrine**

The elements of a claim under Colorado law based on the family car doctrine ("family car doctrine claim") are:  (1) the defendants were the head of the household; (2) the defendants had control over the use of a vehicle; (3) the vehicle was used by a member of the defendants' household; (4) the vehicle was used with the express or implied permission of the defendants; (5) the household member was negligent in operating the vehicle; and (6) that negligence caused damages to the plaintiff. *Hawegawa v. Day*, 684 P.2d 936, 938 (Colo. App. 1983), *overruled on other grounds by Casebolt v. Cowan*, 829 P.2d 352 (Colo. 1992); *Losasso v. Toter*, No. 06-cv-02602, 2008 WL 681467, at *2 (D. Colo. Mar. 7, 2008).

The Parents argue that there is no triable issue as to the second, third, and fourth elements of Plaintiff's family car doctrine claim.  As for the second and fourth elements, the Parents' arguments are the same as their arguments regarding Plaintiff's negligent entrustment claim, namely, that the Parents did not have "control" over the use of the Subaru, and that they did not and could not give "permission" to Boz Brady to use his own car.  For the reasons stated *supra*, it is for a jury to decide the issues of "control"

and "permission" as to Plaintiff's family car doctrine claim.[5]

As for the third element, the Parents argue that there is no triable issue as to whether Boz Brady was a member of the Parents' household at the time of the accident. "For purposes of [the family car doctrine], a 'household' is defined as 'those who dwell under the same roof and compose a family.'" *Halsted*, 797 P.2d at 804. The two cases cited by the parties as to the issue of whether a son or daughter is a household member are *Halsted* and *Hasegawa*. In *Halsted*, the case advanced by the Parents, the court held that the daughter was not a member of the household because she

> had been living outside the [parents'] home and largely supporting herself for approximately seven years. Moreover, it is undisputed that at the time of the accident she maintained a separate address. Although [she] occasionally spent time at her parents' home, those occasions were on visits, were infrequent, and were of short duration–several days at most.

797 P.2d at 804. In *Hasegawa*, the case advanced by Plaintiff, the Colorado Department of Institutions had released the son to the parents upon a leave of absence,

> and delegated to [the] father the right and responsibility, in fact, to control the actions of his son. We therefore conclude that reasonable persons could find that the son, living in his father's home with his mother and two siblings, as a family and subject to his father's control as delegated by the department, was a member of the household for the purpose of the family car doctrine.

*Id.* at 938-39.

Unlike the seemingly clear resolutions in *Halsted* and *Hasegawa*, this case

---

[5] The Court has not found any authority indicating, and cannot discern any reason to think, that the issues of "control" and "permission" under a negligent entrustment claim are substantively different than the issues of "control" and "permission" under a family car doctrine claim. *See, e.g., Nationwide Mut. Ins. Co. v. Etchison*, No. 94-7181, 1995 WL 619829, at *2 (10th Cir. Oct. 20, 1995) ("Plaintiffs' [family car doctrine] theory, therefore, like their negligent entrustment theory, comes down to a question of permission.") The Court is not precluded, however, from ultimately determining that such differences do exist, for purposes of crafting the jury instructions in this action.

9

presents a much closer question on the issue of whether Boz Brady was a member of the Parents' household.  On the one hand, the Parents advance the undisputed facts that (1) Boz Brady was 22 years old, a legal adult, and (2) he had spent significant time living away from home during the two years prior to the accident, including a recent semester attending college at Pueblo Community College.  On the other hand, Plaintiff advances the undisputed facts that (1) Boz Brady was (at least temporarily) living with the Parents on the date of the accident; (2) the Parents listed Boz Brady as a dependent on their tax returns; and (3) Boz Brady used his Parents' home address as his address for his drivers license, voter registration, bank account, and for tax purposes.

One of the primary factual disputes on this issue concerns Boz Brady's own intentions:  whether he was indefinitely staying with his Parents, or whether he intended to attend a new college in the fall of 2009.  Stephanie Brady testified during her deposition that Boz Brady intended to attend college in Durango in the fall of 2009.  In response, Plaintiff points out that there is no documentary evidence supporting this claim, such as any college application to attend school in Durango, or any lease reserving a place for Boz Brady to live in Durango.  The other primary factual dispute concerns the extent to which Boz Brady was financially independent, an issue with evidence on both sides.  Under these circumstances, the Court determines that it is for a jury to decide whether Boz Brady should be deemed a member of the Parents' household at the time of the accident.  *See Halsted*, 797 P.2d at 804 ("For purposes of [the family car doctrine] theory of recovery, a 'household' is defined as 'those who dwell

under the same roof and compose a family'"); *Bingaman*, 1 F.3d at 980-81.[6]

## C.  Joint and Several Liability

Finally, the Parents move for summary judgment as to Plaintiff's joint and several liability claim under Colorado Revised Statute § 13-21-111.5(4).  That statutory provision states, "Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act."  In *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049 (Colo. 1995), the Colorado Supreme Court held that a defendant can be jointly liable under the statute for negligent conduct.  The court also cited favorably to a Colorado Court of Appeals decision – *Schneider v. Midtown Motor Co.*, 854 P.2d 1322 (Colo. App. 1992) – which held that negligent entrustment can constitute the necessary predicate tortious act to establish joint liability.  Further, contrary to what Defendants argue, language in the *Resolution Trust Corp.* decision indicates that one need not conspire to do something **wrongful** to be liable under the statute.  See 898 P.2d at 1055 ("The proper question is not whether one can conspire to be negligent, but whether when two or more persons

---

[6] The Parents also argue that the family car doctrine is unconstitutional.  The family car doctrine is recognized by numerous states, including Colorado.  The Parents have provided no case law support, from any jurisdiction, for their argument.  While the Parents have a viable argument that the doctrine results in disparate treatment of different groups of people, they concede that the rational relationship test applies.  Under that test, the question is whether the family car doctrine is rationally related to a legitimate governmental purpose.  *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).  The doctrine is rationally related to a legitimate governmental purpose, namely, to ensure that damages caused by the negligence of a household member in driving a family car will be adequately compensated.  *See Hasegawa*, 684 P.2d at 938 ("The specific rationale for the family car doctrine is that it serves to fasten financial responsibility upon a person who is more likely to respond in damages when a family car is used negligently by a person without sufficient assets of his own.").  The fact that Colorado has adopted compulsory liability insurance for owners of motor vehicles does not sufficiently undercut this state interest, given that policy limits on such liability insurance policies may not be sufficiently large to cover damages caused by the household member's negligence.

consciously conspire and deliberately pursue a common plan or design, the execution of such common plan or design results in wrongful conduct causing injury or damages. . . . Of course, the execution of a common plan or design may in many circumstances not result in wrongful conduct causing injury or damages.").

Plaintiff argues that the common plan or design here was to allow Boz Brady to continue driving the Suburu, despite the Parents knowledge that he had a DUI accident in the past, and given evidence in the record that Boz Brady was drinking alcohol frequently during the summer of 2009 and also frequently driving from Coaldale to Salida to visit friends. Given these facts, and given the fact that summary judgment is inappropriate as to Plaintiff's negligent entrustment claim, the Court denies the Parents' motion for summary judgment as to Plaintiff's joint and several liability claim. *Schneider*, 854 P.2d at 1327.

## IV. CONCLUSION

Based on the foregoing, the Court hereby ORDERS that Defendants Joseph C. Brady and Stephanie L. Brady's Motion for Summary Judgment (ECF No. 103) is DENIED.

Dated this 7th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge