**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-00662-WJM-BNB

BRENT A. JONES,

    Plaintiff,

v.

THE ESTATE OF BOZ LANDON BRADY, by and through its personal representative CALLIE BRADY,
JOSEPH C. BRADY, and
STEPHANIE L. BRADY,

    Defendants.

---

**ORDER ON MOTIONS *IN LIMINE***

---

    This action arises from a 2009 automobile accident on Colorado Highway 50 in which 22-year-old Boz Brady, driving drunk, negligently struck a vehicle being driven in the opposite direction by Plaintiff Brent Jones.  Mr. Jones was severely injured in the accident; Boz Brady was killed.  Mr. Jones filed this action against (1) Boz Brady's estate, and (2) Boz Brady's parents, Joseph and Stephanie Brady ("the Parents"), seeking to hold them liable for Boz Brady's negligence.  Trial is set to begin on February 21, 2012.

    This matter is before the Court on Motions *in Limine* filed by both sides. Specifically, Defendants have filed a Joint Motion *in Limine* (ECF No. 154), to which Plaintiff has filed a Response (ECF No. 164); Plaintiff has filed a Motion *in Limine* (ECF No. 153), to which Defendants have filed a Joint Response (ECF No. 165); and Plaintiff has filed a Supplement to his Motion *in Limine* (ECF No. 159), to which Defendants

have filed a Joint Response (ECF No. 166).  The Motions are ripe for adjudication.

The Motions raise a host of evidentiary issues, which are discussed below.  As to some of these issues, the Court will defer ruling until a later date.  As to the remaining issues, the Court makes its rulings in this Order.

## I.  GOVERNING LAW

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law."  *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006).  "Nevertheless, it is well recognized that Congress did not intend the procedural rules to preempt the so-called substantive state rules of evidence . . . ."  *Id.*; *see also Romine v. Parman*, 831 F.2d 944, 945 (10th Cir. 1987) (stating that, although "admissibility of evidence in diversity cases in federal court is generally governed by federal law," state law must be applied when "an evidentiary question is so dependent on a state substantive policy").

As to each of the evidentiary issues that the Court affirmatively rules on herein (in sections II.B, II.C, II.D, and II.G below), the parties have not cited, and the Court is not aware of, any substantive Colorado rule or policy that warrants departing from the general rule that the Court should apply the Federal Rules of Evidence to the issues.

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Relevant evidence is generally admissible at trial, Fed. R. Evid. 402, but a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. "The district court has considerable discretion in performing the Rule 403 balancing test." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).

## II. ANALYSIS

### A. Evidence of Boz Brady's Prior DUI

Two years prior to the accident at issue, Boz Brady was charged with driving under the influence ("DUI") after driving his vehicle into a parked vehicle. In their Joint Motion *in Limine*, Defendants argue that evidence of this prior DUI should be limited at trial. (ECF 154, at 3-5.) Defendants concede that, for Plaintiff's negligent entrustment claim against the Parents, there is "some limited need to tell jurors that Boz Brady had a prior DUI and that his parents knew about it." (*Id.* at 4.) However, Defendants ask that Plaintiffs not be allowed to present detailed evidence regarding the prior DUI. (*Id.*) Defendants request that Plaintiff instead be limited "to offering evidence that Boz Brady was previously charged with and convicted of DUI, that his license was suspended for a period of time, that [the Parents] knew about the DUI and the suspension and that the [Parents] assisted Boz [Brady] by moving his car to their property and storing it for him." (*Id.* at 4-5.)

In response, Plaintiff argues that details of the prior DUI are "key pieces of evidence to allow the jury to assess the notice which the [Parents] received regarding Boz Brady's propensity to drink and drive, and cause motor vehicle accidents." (ECF

No. 164, at 2.)[1]  However, Plaintiff also states that, as to Boz Brady's sentence resulting from the prior DUI, "Plaintiff is amenable to a stipulation that evidences that Boz Brady lost his license and when his license was reinstated, that he was required to maintain an SR-22 form, which provides proof of financial responsibility." (*Id.*)

Based on these positions, it appears that the parties have made progress working towards a stipulation as to the evidence that will be allowed regarding Boz Brady's prior DUI.  The Court encourages the parties to arrive at a stipulation on this issue prior to the Final Trial Preparation Conference ("TPC"), which is set for February 2, 2012.  The Court defers ruling on this issue at this time, and will raise the issue with the parties at the TPC.

## B.    Evidence Regarding the Parents' Liability Insurance

Both parties' Motions *in Limine* raise the issue of whether Plaintiff should be allowed to introduce evidence of the Parents' automobile liability insurance policy covering the 1997 Subaru Outback that Boz Brady was driving at the time of the accident at issue.  (ECF No. 153, at 5-8; ECF No. 154, at 5-7; ECF No. 164, at 3; ECF No. 165, 2-5.)  Plaintiff argues that evidence regarding the insurance policy is relevant because the Parents paid the insurance premiums on the policy covering the Subaru, which is relevant to help establish the Parents' "control" over Boz Brady's use of the

---

[1] It is unclear to the Court precisely what pieces of specific evidence Plaintiff will seek to introduce at trial regarding the prior DUI.  However, one piece of evidence Plaintiff may seek to introduce is Boz Brady's blood alcohol content at the time of that prior accident.  The Court is deferring ruling on whether that evidence will be admissible at trial.  However, should the Court rule that Plaintiff will be allowed to present such evidence, the same limitation discussed in section II.C below will apply, namely, that Plaintiff will be allowed to present evidence that Boz Brady was legally intoxicated under Colorado's drunk driving laws at the time of that accident, or specifically, that he had a blood alcohol content of 0.08 or higher (and not what his specific blood alcohol content was).

Subaru. The Parents' "control" over Boz Brady's use of the Subaru is an essential element both of Plaintiff's negligent entrustment claim against the Parents, and Plaintiff's claim against the Parents based on the family car doctrine. *See Casebolt v. Cowan*, 829 P.2d 352, 357 n.4 (Colo. 1992); *Losasso v. Toter*, No. 06-cv-02602, 2008 WL 681467, at *2 (D. Colo. Mar. 7, 2008). While the Court addresses each of Defendants' counter-arguments below, the primary thrust of those arguments is that the jury, knowing that the Parents are insured, may return a verdict and an excessive damages award to Plaintiff thinking that the Parents' insurance will cover the Court's judgment.

The Court agrees with Plaintiff that the evidence is relevant, and holds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice or any other counterveiling Rule 403 concerns. This is particularly true given that the Court will issue a limiting instruction at trial clarifying that the existence of the Parents' liability insurance policy should only be considered for purposes of determining whether the Parents had "control" over Boz Brady's use of the Subaru, and should not be considered for any other liability issues, or for determining damages, if any.

The Court proceeds to address Defendants' arguments on this issue. First, Defendants argue that Federal Rule of Evidence 411 bars admission of the evidence. Rule 411 provides, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's

bias or prejudice or proving agency, ownership, or control."[2]  Defendants' argument is unavailing because the evidence is being admitted on one of the bases expressly allowed by Rule 411: Control.

Second, Defendants argue that Plaintiff has numerous other pieces of evidence supporting his claim that the Parents had "control" over Boz Brady's use of the Subaru, and that the evidence of the liability insurance policy is therefore needlessly cumulative. The Court disagrees.  As pointed out by the Court in its Order denying the Parents' Motion for Summary Judgment, there is significant evidence on both sides as to whether the Parents had "control" over Boz Brady's use of the Subaru.  Given the closeness of the issue, the fact that the Parents paid for the insurance on the Subaru could impact the jury's decision on the issue of the Parents' "control."  The Court cannot conclude that admission of this evidence would amount to a "needless[] present[ation] [of] cumulative evidence."  Fed. R. Evid. 403.

And third, Defendants point out that, although Plaintiff wants to *introduce* evidence of the *existence* of the policy, Plaintiff wants to *exclude* evidence of the *amount* of the policy limit, which was only $100,000.  Defendants argue that exclusion of this low policy limit might lead the jury to speculate that the Parents were insured for a far greater amount, and that the jury's potential award of damages therefore could be

---

[2] Colorado Rule of Evidence 411 contains equivalent language:  "Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness."  Given that this language is, in substance, identical to the language in Federal Rule of Evidence 411, it does not matter whether the Court applies federal or state evidentiary law to this issue.

improperly influenced by this mistaken belief of better insurance.  The Court agrees.  If Defendants so choose, the Court will disclose to the jury the amount of the policy limit (while providing the limiting instruction described above).  The Court will discuss this issue further with the parties at the TPC.

### C. Evidence Regarding Boz Brady's Blood Alcohol Level, and the Existence of THC in his Blood

Defendants also seek to exclude evidence of Boz Brady's specific blood alcohol content (0.209), and the fact that he had THC in his system, at the time of and following the accident.  (ECF No. 154, at 7-9.)  Defendants argue that they have already conceded Boz Brady's negligence in causing the accident, and the fact that Boz Brady was under the influence of alcohol at the time of the accident.  (*Id.* at 8.)  They argue that evidence regarding his specific blood alcohol content, and the fact that he had THC in his system, is unfairly prejudicial.  (*Id.* 8-9.)

In response, Plaintiff concedes that he "will not admit evidence regarding the presence of THC in Boz Brady's blood."  (ECF No. 164, at 3.)  Given this concession, the Court grants Defendants' Joint Motion *in Limine* as to this issue.  Evidence regarding the presence of THC in Boz Brady's blood at the time of and following the accident will be inadmissible at trial, and no counsel or witness at trial may mention this issue.

Regarding Boz Brady's specific blood alcohol content at the time of and following the accident, Plaintiff contests Defendants' Joint Motion *in Limine*, arguing that the evidence of Boz Brady's specific blood alcohol content of 0.209 is relevant because (1) otherwise the jury might think Boz Brady was only slightly intoxicated, and therefore

7

might more readily excuse the Parents for not having taken greater precautions to prevent Boz Brady from driving under the influence; and (2) the evidence will lend credibility to Plaintiff's experts' testimony that Boz Brady's level of intoxication was a primary cause of the accident.  (*Id.* at 3-4.)

The Court believes that the appropriate resolution of this issue – which will balance the competing concerns of relevance and unfair prejudice – is to allow admission of evidence that Boz Brady was legally intoxicated under Colorado's drunk driving laws at the time of the accident, or specifically, that he had a blood alcohol content of 0.08 or higher.  The Court will not allow admission of evidence at trial providing any greater level of detail regarding Boz Brady's specific blood alcohol content.  Any documents that are submitted to jury that contain Boz Brady's specific blood alcohol content shall be redacted to remove that information.

## D. Evidence Regarding Plaintiff's Difficulty in Performing Employment-Related Tasks

Defendants also seek to bar evidence that Plaintiff has difficulty in performing employment-related tasks.  (ECF no. 154, at 9-10.)  They point out that, while Plaintiff asserts claims for general non-economic damages and damages for physical impairment, he does not bring claims for future lost wages or diminished earning capacity.  Thus, Defendants argue, while Plaintiff should be allowed to present evidence of his physical limitations at home, he should not be able to present evidence of his physical limitations at work, because the jury may improperly award Plaintiff damages based on future lost wages or diminished earning capacity.

The Court rejects this argument.  Plaintiff presumably spends a not-insignificant

amount of his waking hours at work. Plaintiff's alleged physical limitations are relevant to his claims for damages, and the Court will not unnecessarily hamstring Plaintiff's case by only allowing evidence of his physical limitations at home. Defendants' skeptical claim of unfair prejudice should be cured by the Court's limiting instruction to the jury (1) that Plaintiff is not claiming damages based on future lost wages or diminished earning capacity, and, therefore, that (2) the jury may not award such damages, despite having heard evidence of Plaintiff's physical limitations at work.

**E.     Evidence of Collateral Source Benefits**

In Plaintiff's Motion *in Limine*, Plaintiff seeks to preclude admission of evidence related to collateral source benefits received by Plaintiff, namely, sick leave or short term disability benefits, and health insurance benefits. (ECF No. 153, at 2-3.) In Defendants' Joint Response, they state,

> Defendants do not object to Plaintiff's request that collateral source payments be excluded. . . . Defendants have no intention of mentioning collateral source payments. Defendants simply request that, in the event Plaintiff or his family testify that they have undergone hardship and/or suffered damages because they have been unable to pay for medical care or because they have been unable to pay for goods or services or subject to emotional stress because Plaintiff was unable to work and lost income, Defendants be permitted to rebut that testimony by disclosing that medical bills were paid by insurance and that Plaintiff's time off of work was also paid.

(ECF No. 165, at 1-2.)

Based on these positions, it appears that the parties are close to reaching a stipulation on this issue. The Court encourages the parties to arrive at a stipulation on this issue prior to the TPC. The Court defers ruling on this issue at this time, and will raise the issue with the parties at the TPC.

### F. Evidence of Prior Claims of Plaintiff's Family Members, and the Settlement of those Claims

At the time of the accident, Brent Jones was traveling in his vehicle with his spouse and two children. All four family members were originally named as Plaintiffs in this action. (ECF No. 1.) Mr. Jones's spouse and two children have voluntarily dismissed their claims against Defendants pursuant to settlement agreements reached among those parties, leaving Brent Jones as the sole plaintiff in this action. (ECF No. 12, 17, 23, 25.)

In his Motion *in Limine*, Plaintiff seeks to exclude any mention at trial of the prior claims of Plaintiff's family members, and the settlements of those claims. (ECF No. 153, at 4-5.) In response, Defendants state,

> Defendants similarly do not object to the request that Plaintiff's family members' claims and settlements not be disclosed to the jury. However, again, Defendants request that they be permitted to disclose the settlements, if Plaintiff offers evidence that the family was unable to pay for medical or other care for Plaintiff's wife or children or evidence that Plaintiff or his family suffered emotional distress because of injuries to or losses sustained by Plaintiff's wife or children.

(ECF No. 165, at 2.)

Based on these positions, it also appears that the parties are close to reaching a stipulation on this issue. The Court encourages the parties to arrive at a stipulation on this issue prior to the TPC. The Court defers ruling on this issue at this time, and will raise the issue with the parties at the TPC.

### G. Information that Boz Brady Died in the Accident

Finally, in Plaintiff's Supplement to his Motion *in Limine* (ECF No. 159), which the Court has accepted as filed (ECF No. 167), Plaintiff "submits that while the jury should

10

be advised that Boz Brady is now dead, the fact that he was killed in the subject July 25, 2009 motor vehicle collision should not be admitted. This information is not relevant to the issues in dispute and it is highly prejudicial." In response, Defendants argue that

> preventing mention of Boz's death in the accident would interfere with the jurors' ability to assess the credibility of Defendants' witnesses and would invite [jurors] to speculate. Joseph, Stephanie and Callie Brady, as well as several of their family members, are expected to testify. Their testimony will be very emotional, precisely because they are talking about the accident that took the life of Boz Brady. Jurors need to understand why defense witnesses have an emotional reaction to be able to understand their demeanor on the stand. Absent that information, jurors may misunderstand the witnesses' emotion and draw erroneous conclusions. Moreover, since jurors will learn Boz is deceased and that he died at a young age (his estate is a party), they may speculate about how and when he died if they are not told. Were they to speculate that Boz was killed in another alcohol-related accident, for example, Defendants would be severely prejudiced. . . . If Plaintiff feels that Defendants seek to make improper use of information about Boz's death, his counsel may object at trial.

(ECF No. 166, at 2.)

Although this is a close issue, the Court has determined that Defendants' witnesses will not be precluded from disclosing during their testimony at trial that Boz Brady died in the accident at issue in this litigation. Several considerations lead the Court to this conclusion. First, the information is relevant at least insofar as it bears on the severity of the accident, which is relevant to Plaintiff's claims for damages. Second, it is one of the very basic facts regarding the primary event underlying this action. *See* Fed. R. Evid. 401 advisory committee's note ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding."); 2-401 Weinstein's Federal Evidence § 401.04[4][a] ("Evidence that serves as background information about persons, subjects or things in a trial is generally admissible although it

may not relate to a consequential fact. . . . The trial court may admit evidence that does not directly establish an element of the offense charged in order to provide background for the events or occurrences alleged. Background evidence may be admitted to show, for example, the circumstances surrounding the events . . . ."). And third, the Court agrees with Defendants that if Defendants' witnesses (in particular, Boz Brady's parents and sister) cannot mention the basic fact that Boz Brady died in the accident, it could result in awkward, seemingly truncated testimony that might lead the jury to question these witnesses' credibility for unwarranted and improper reasons.

The Court will take steps to ensure that the propriety of allowing this testimony will not be substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. First, at the close of evidence, the Court will give a strongly worded limiting instruction that the jury may not allow its decision in this case (as to liability or damages) to be influenced at all by any sympathy it may feel for Boz Brady's family due to his death. *See Stump v. Gates*, 211 F.3d 527, 534 (10th Cir. 2000) ("Rule 403 limits the use of relevant evidence that has an undue tendency to suggest the jury make a decision on an improper basis, commonly, though not necessarily, an emotional one.") (quotation marks omitted); *Unites States v. Nevels*, No. 04-cr-00417, 2006 WL 5217629, at *3 (D. Colo. Jan. 25, 2006) ("[E]vidence should not be admitted if there is a genuine risk that it will prompt the emotions of the jury to lead it to irrational behavior"). And second, the Court of course retains its discretion at trial to sustain an objection by Plaintiff's counsel and strike any testimony regarding Boz Brady's death not consistent with the limited scope of this ruling or which is otherwise unfairly prejudicial to the Plaintiff. *See Nevels*, 2006 WL 5217629, at *3 ("Outside of the

context of a trial I cannot determine whether this evidence [of the death caused by the defendant] will be unduly prejudicial.  I therefore deny this motion without prejudice.  Nevels may raise this issue again during the trial . . . .")

At trial the Court may also halt any unfairly prejudicial testimony concerning this issue and give the limiting instruction described above during such testimony (in addition to at the close of evidence).  In the Court's view, the distinction here lies between (1) the possibility that one of Defendants' witnesses may *mention* Boz Brady's death during the normal course and flow of their testimony, and (2) unfairly prejudicial testimony regarding Boz Brady's death, such as more lengthy testimony discussing his death, the effect that his death has had on the family, excessive expressions of emotion regarding his death, etc.  The Court may also discuss this issue further with the parties at the TPC, including the ways in which Defendants believe this evidence may come in at trial.

### III.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Defendants' Joint Motion *in Limine* (ECF No. 154) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's Motion *in Limine* (ECF No. 153) is GRANTED IN PART and DENIED IN PART;

3. At trial, the Court will allow admission of evidence regarding the Parents' liability insurance policy, but will also issue a limiting instruction clarifying that the information should only be considered for purposes of determining

whether the Parents had "control" over Boz Brady's use of the Subaru, and should not be considered for any other liability issues, or for determining damages, if any;

4. The Court will allow admission of evidence that Boz Brady was legally intoxicated under Colorado's drunk driving laws at the time of the accident giving rise to the claims in this action, and specifically that he had a blood alcohol content of 0.08 or higher at the time of said accident. The Court will not allow admission of evidence providing any greater level of detail regarding Boz Brady's specific blood alcohol content;

5. The Court will allow admission of evidence that Plaintiff has difficulty in performing employment-related tasks, but will issue a limiting instruction (1) that Plaintiff is not claiming damages based on future lost wages or diminished earning capacity, and, therefore, that (2) the jury may not award such damages, despite having heard evidence of Plaintiff's physical limitations at work;

6. Defendants' witnesses will not be precluded from disclosing during their testimony at trial that Boz Brady died in the subject accident. However, the Court retains its discretion to exclude any testimony on that subject that is unfairly prejudicial to Plaintiff. Also, the Court will give a strongly worded limiting instruction that the jury may not allow its decision in this case to be influenced at all by any sympathy it may feel for Boz Brady's family due to his death;

7. **<u>As to all of the limiting instructions discussed by the Court herein, the parties shall file with the Court proposed limiting instructions (ideally, stipulated instructions) on or before February 13, 2012.</u>**

8. The Court defers ruling on all other evidentiary issues raised by the parties in their Motions *in Limine*.

Dated this 27th day of January, 2012.

BY THE COURT:

William J. Martínez
United States District Judge